IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

**NIVALDO RIASCOS,**

      **Petitioner,**

v.                                          Case No. 1:19-cv-00254

**WARDEN, FCI MCDOWELL,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIM

**A.  Petitioner's conviction and direct appeal proceedings.**

On May 3, 2011, Petitioner, a Columbian, was convicted by a jury in the United States District Court for the Western District of Washington of one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and one count of conspiracy to import five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B), and 963. *United States v. Riascos*, No. 2:07-cr-00343-JLR-5, ECF No. 391. On September 26,

2011, Petitioner was sentenced to serve 408 months in prison, followed by a 10-year term of supervised release. *Id.*, ECF No. 438. Additionally, Petitioner's term of supervised release from a prior federal conviction was revoked and he was sentenced to a concurrent 30-month term of imprisonment. *United States v. Riascos*, No. 2:11-cr-00233-JLR-1, ECF No. 14, *vacated by* ECF No. 21. Petitioner is presently incarcerated at FCI McDowell, in Welch, West Virginia.

Petitioner filed an appeal concerning his conviction, supervised release revocation, and sentences to the United States Court of Appeals for the Ninth Circuit. The appeal included a claim of error asserting that the government did not establish an agreement to import cocaine into or distribute cocaine within the United States and, thus, he claims there was no nexus to support his prosecution under Title 21 of the United States Code. On May 17, 2013, the Ninth Circuit affirmed the judgment concerning Petitioner's new convictions and sentence, but vacated his supervised release revocation and remanded it to the district court for correction of his sentence, due to a lack of notice of the terms of his supervised release. *United States v. Jimenez*, 525 F. App'x 565 (9th Cir. 2013). Petitioner's Petition for a Writ of Certiorari was denied by the United States Supreme Court on November 4, 2013. Thus, his judgment became final on that date.

  **B. Petitioner's prior post-conviction filings.**

On June 17, 2014, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for the Western District of Washington. *Riascos v. United States*, No. 2:14-cv-00900-JLR. In those proceedings, Petitioner asserted four claims for relief: (1) that the district court lacked jurisdiction over his underlying criminal case and that his counsel provided ineffective

assistance of counsel by failing to raise that issue; (2) that the government committed misconduct by failing to instruct the grand jury on the jurisdictional element of the charged offenses and by failing to provide Petitioner with a bill of particulars, and that his counsel provided ineffective assistance in failing to raise those issues; (3) that the government committed misconduct by failing to disclose impeachment evidence concerning informants and other exculpatory reports, and that his counsel provided ineffective assistance in failing to raise those issues; and (4) that his counsel provided ineffective assistance in failing to demand a pretrial hearing to challenge Petitioner's connection to the charged conspiracy prior to the admission of any co-conspirator statements, and that such a hearing should still be conducted by the court. *Id.*, ECF No. 12 at 4.

On September 10, 2014, the Washington district court denied Petitioner's section 2255 motion. As relevant here, the court found that Petitioner made his sufficiency of evidence and jurisdictional challenge in his direct appeal and that the Ninth Circuit had rejected it, finding that there was sufficient evidence of his participation in a conspiracy to bring controlled substances into the United States, which provided a sufficient nexus for jurisdiction. Thus, the court found that he could not raise the same claim on collateral review. *Id.* at 4-5. The court further found that Petitioner was procedurally barred from asserting a claim of ineffective assistance of counsel for failure to challenge the sufficiency of the evidence of his connection to the conspiracy. *Id.* at 11.

   C.  **Petitioner's section 2241 petition.**

The instant section 2241 petition was filed in this court on April 8, 2019. Petitioner raises three claims which essentially re-assert his challenges to the Washington

district court's jurisdiction to prosecute him under Title 21 on the basis that any conduct in which he was involved occurred outside of the United States, and his trial counsel's alleged ineffective assistance related thereto. Because it is apparent from the face of the petition that Petitioner is not entitled to any collateral relief thereon, the undersigned has not required the respondent to respond to the petition.

## ANALYSIS

### A. Petitioner is not entitled to relief under section 2241.

Petitioner's claims clearly challenge the validity of his convictions, and not the manner in which his sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Western District of Washington. Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court. However, Petitioner has already unsuccessfully filed a section 2255 motion in his court of conviction. Thus, he would likely be procedurally barred from filing another section 2255 motion without authorization from the United States Court of Appeals for the Ninth Circuit under very limited criteria. *See* 28 U.S.C. 2255(h).

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas

4

corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention. *Id.* at 332.

Thus, before considering Petitioner's section 2241 petition on its merits, this court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334. However, in the instant matter, Petitioner is not relying on any change in substantive law since the time of his conviction. Thus, he cannot satisfy the *Jones* criteria.

Moreover, as noted above, the savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of

section 2255 and will not permit review of Petitioner's claims, which essentially re-assert claims he made in his direct appeal and his prior section 2255 motion, or claims which should have been raised in those proceedings and are now procedurally barred.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review Petitioner's claims contained in his section 2241 petition.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1) and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and

Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

October 25, 2019

Dwane L. Tinsley
United States Magistrate Judge