IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**NIVALDO RIASCOS,**

    **Plaintiff,**

**v.**                                                    **Civil Action No: 1:19-00254**

**WARDEN, FCI MCDOWELL,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

By Standing Order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge submitted his proposed findings and recommendations ("PF&R") on October 25, 2019. In the PF&R, Magistrate Judge Tinsley recommended that the court dismiss plaintiff's petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and dismiss this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover, this court need not conduct a de novo review when a party "makes

general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

On November 19, 2019, the court granted plaintiff's motions for an extension of time to file objections to the PF&R, giving him until January 13, 2020, to do so. On, December 23, 2019, plaintiff filed a "Motion to Object that Petitioner's 2242 is Denied". ECF No. 21. Thereafter, on January 15, 2020, plaintiff filed a "Supplement Pursuant to Rule 28(J) in Deciding § 2241 Filed With This Court". ECF No. 22. The court has construed those filings as plaintiff's objections to the PF&R and has conducted a de novo review of the record as to those objections. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

Riascos is in federal custody at FCI McDowell, a BOP facility in the Southern District of West Virginia. He is serving a term of imprisonment based upon the sentences he received in the Western District of Washington. Magistrate Judge Tinsley concluded that plaintiff's challenge to his convictions should be brought in the court of conviction via a motion under 28 U.S.C. § 2255. The PF&R acknowledged the § 2255 savings

clause but concluded that Riascos was unable to show that § 2255 was inadequate or ineffective to address his claims.

Riascos objects to the PF&R's ultimate conclusion that his claims are not cognizable in § 2241. According to him,

> the judicially created mandate of requiring a petitioner to meet the prerequisite of United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018) to provide this court with jurisdiction to access the 2241 as the magistrate suggest to access the 2241 is not required by the 2241 statute, and is not jurisdictional as well. The judicial created procedure and jurisdictional created procedure that this court is requiring a petitioner to meet to get to the merits of his petition, were not adopted by congress. See Hayman v. United States, 342 U.S. 205 (1952) (stating that congress did not adopt the procedural nor jurisdictional bill presented by the judicial conference, in order to resort to the 2241).
>
> The judicial procedure and jurisdictional created procedures that are not adopted by congress, sanctioned by the legislative body or statutorily required are illegal and clearly in conflict with the separation of powers of government. . . .

ECF No. 21 at 4. Essentially, Riascos argues that the savings clause does not impose any limits on his ability to seek relief under § 2241. He also seems to suggest that the savings clause was not adopted by Congress. Riascos is wrong on both counts.

"Section 2241 allows federal prisoners to seek a writ of habeas corpus in the district in which they are confined. See U.S.C. § 2241. But only in limited circumstances." Jones v. Zych, No. 15-7399, 2020 WL 2119889, *3 (4th Cir. Apr. 23, 2020).

> 28 U.S.C.A. § 2241 allows a federal prisoner to seek a writ of habeas corpus. A habeas petition under § 2241 must, however, be filed in the district in which

3

> the prisoner is confined. See id. § 2241(a). This requirement caused a number of practical problems, among which were difficulties in obtaining records and taking evidence in a district far removed from the district of conviction, and the large number of habeas petitions filed in districts containing federal correctional facilities. See United States v. Hayman, 342 U.S. 205, 212-14, 72 S. Ct. 263, 96 L. Ed. 232 (1952). These practical problems led Congress to enact § 2255, "which channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently." Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997); see Hayman, 342 U.S. at 219, 72 S. Ct. 263. Section 2255 thus was not intended to limit the rights of federal prisoners to collaterally attack their convictions and sentences. See Davis v. United States, 417 U.S. 333, 343, 94 S. Ct. 2298, 41 L. Ed.2d 109 (1974) (noting that "§ 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus"); Hayman, 342 U.S. at 219, 72 S. Ct. 263 ("Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions."). Indeed, when § 2255 proves "inadequate or ineffective to test the legality of . . . detention," a federal prisoner may seek a writ of habeas corpus pursuant to § 2241. 28 U.S.C.A. § 2255.

In re Jones, 226 F.3d 328, 332 (4th Cir. 2000).

Motions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. See Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) ("Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255."). The remedy under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.

4

"Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves `inadequate or ineffective to test the legality of a [prisoner's] detention.'" Hahn, 931 F.3d at 300 (quoting 28 U.S.C. § 2255(e)); see also In re Jones, 226 F.3d at 333 ("[W]hen § 2255 proves `inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). The clause is known as the "'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." Lester v. Flournoy, 909 F.3d 708, 711 (4th Cir. 2018).

"In determining whether to grant habeas relief under the savings clause, [a court should] consider (1) whether the conviction was proper under the settled law of this circuit or Supreme Court at the time; (2) if the law of conviction changed after the prisoner's direct appeal and first § 2255 motion; and (3) if the prisoner cannot meet the traditional § 2255 standard because the change is not one of constitutional law." Hahn, 931 F.3d at 300-01 (citing In re Jones, 226 F.3d at 333-34).

The plaintiff bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective.

5

See In re Jones, 226 F.3d at 332-33; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001); see also Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.  Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.") (citations omitted).

As the foregoing makes clear, the savings clause is not a judicially-created limitation on Riascos' ability to proceed under § 2241 but, rather, part of the statute adopted by Congress.  Furthermore, the test laid out in In re Jones is merely the Fourth Circuit's guidance on what "inadequate and ineffective" means in the context of the savings clause.  To the extent that Riascos argues the Fourth Circuit could not provide this guidance, his objection is without merit.  Courts interpret statutes everyday.  See Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1277 (11th Cir. 2014) (Pryor, J., concurring) ("To be sure, there are no definitions in the Antiterrorism and Effective Death Penalty Act, but think of the multitude of statutes we must interpret each day that leave us to our own wits to understand their meaning.").  Nor was the magistrate judge permitted to ignore this circuit's precedent and apply a different test (or no

6

test at all).  See United States v. Henry, No. 00-4830, 11 F. App'x 350, 351 (4th Cir. June 14, 2001) ("[B]oth the district courts of this circuit and subsequent panels of this court are obliged to follow a decision of this court until it has been overruled by the Supreme Court or a decision by this court en banc.").

Based on the foregoing, and the fact that Riascos has not shown that § 2255 is an inadequate or ineffective vehicle for obtaining the review he seeks, this action should be dismissed.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Tinsely, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein.  Accordingly, the court hereby **DISMISSES** plaintiff's petition under 28 U.S.C. § 2241 and directs the Clerk to remove this case from the court's active docket.[*]

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that

---

[*] ECF Nos. 21 and 22 are **DENIED**.  Riascos filed several other motions, including: 1) "Motion to Request A Order Issue, To Require Petitioner Trial Attorney to Provide Petitioner with Grand Jury Transcripts in his Possession" (ECF No. 23); and 2) "Motion of Relevant Authority" (ECF No. 24). These motions are **DENIED**.

7

reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 1st day of July, 2020.

David A. Faber
Senior United States District Judge