```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

**NIVALDO RIASCOS,**

      **Plaintiff,**

**v.**                                          **Civil Action No: 1:19-00254**

**WARDEN, FCI MCDOWELL,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

By Judgment Order dated July 1, 2020, the court accepted the Proposed Findings and Recommendation of the magistrate judge, overruled plaintiff's objections thereto, and dismissed plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus.  Pending before the court is plaintiff's motion to alter or amend judgment pursuant to Rule 59.  (ECF No. 32).

In opining on the propriety of granting a motion to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002)(citation omitted); see also United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002), cert. denied, 538 U.S. 1012 (2003).  The circumstances under which this

type of motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l. Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D.W. Va. 1999)(citation omitted).

> "Rule 59(e) motions may not be used [ ] to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. [Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)]  A Rule 59(e) motion tests whether the Court's initial Order was "factually supported and legally justified." Hutchinson v. Staton, 994 F.2d 1076, 1081-82 (4th Cir. 1993).  In other words, the Court may decline to reconsider a prior holding that "applied the correct legal standards" and made "factual findings [ ] supported by substantial evidence." Harwley v. Comm'r of Soc. Sec. Admin., 714 Fed. Appx. 311, 312 (Mem) (4th Cir. 2018). The movant's "mere disagreement" with the Court's legal application "does not support a Rule 59(e) motion." Hutchinson, 994 F.2d at 1082.  Accordingly, Rule 59(e) provides an "extraordinary remedy which should be used sparingly." Pac. Ins. Co., 148 F.3d at 403.

Heaton v. Stirling, Civil Action No. 2:19-0540-RMG, 2020 WL 838468, *1 (D.S.C. Feb. 18, 2020).

Plaintiff's motion does not fall within the limited circumstances under which a Rule 59(e) motion may be granted as enunciated by the Fourth Circuit.  His motion does not raise evidence unavailable at trial or stem from an intervening change in the applicable law.  Nor, despite plaintiff's argument to the contrary, can the court conclude that a clear error of law has

been made or that the court's failure to grant the motion would result in manifest injustice to Riascos.

For these reasons, the Rule 59 motion is **DENIED**. The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 20th day of July, 2020

ENTER:

David A. Faber
Senior United States District Judge